UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN COSTELLO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| ADAM FEAMAN, individually, | ) | **JURY TRIAL DEMANDED** |
| ERIC BARTLETT, individually, BOARD | ) | |
| OF POLICE COMMISSIONERS OF THE | ) | |
| CITY OF ST. LOUIS[1], TODD H. EPSTEN, | ) | |
| in his official capacity as President of the | ) | |
| Board of Police Commissioners of the City | ) | |
| of St. Louis, BETTYE BATTLE-TURNER, | ) | |
| in her official capacity as Vice-President of | ) | |
| the Board of Police Commissioners of the | ) | |
| City of St. Louis, JULIUS K. HUNTER, | ) | |
| in his official capacity as Purchasing | ) | |
| Member of the Board of Police | ) | |
| Commissioners of the City of St. Louis, | ) | |
| MAYOR FRANCIS G. SLAY, in his | ) | |
| official capacity as Ex-Officio Member of | ) | |
| the Board of Police Commissioners of the | ) | |
| City of St. Louis, and DAVID R. HEATH, | ) | |
| in his official capacity as Secretary to the | ) | |
| Board of the Board of Police Commissioners | ) | |
| of the City of St. Louis, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S COMPLAINT

COMES NOW Plaintiff Kevin Costello (hereinafter "Plaintiff"), by and through his

attorney, and for his Complaint against Defendant Adam Feaman (hereinafter "Defendant

Feaman"), Defendant Eric Bartlett (hereinafter "Defendant Bartlett") and Defendant Board of Police

Commissioners of the City of St. Louis (hereinafter "Defendant Board"), Defendant Todd H.

---

[1] The Board of Police Commissioners of the City of St. Louis "may only be sued by bringing an action against the individual members of the Board in their official capacity." Best v. Schoemehl, 652 S.W.2d 740, 742 (Mo. App. E.D. 1983).

Epsten, Defendant Bettye Battle-Turner, Defendant Julius K. Hunter, Defendant Mayor Francis G. Slay, and Defendant David R. Heath, and respectfully states to this Honorable Court the following:

1.      This is a civil action arising under 42 U.S.C. § 1983 and common law avenues of recovery for deprivations of Plaintiff's rights and for state law claims against all Defendants.

2.      Plaintiff sues Defendant Feaman in his individual capacity.

3.      Plaintiff sues Defendant Bartlett in his individual capacity.

4.      Plaintiff sues Defendant Todd H. Epsten in his official capacity as President of the Defendant Board of Police Commissioners of the City of St. Louis.

5.      Plaintiff sues Defendant Bettye Battle-Turner in her official capacity as Vice President of the Defendant Board of Police Commissioners of the City of St. Louis.

6.      Plaintiff sues Defendant Julius K. Hunter in his official capacity Purchasing Member of the Defendant Board of Police Commissioners of the City of St. Louis.

7.      Plaintiff sues Defendant Mayor Francis G. Slay in his official capacity as Ex-Officio Member of the Defendant Board of Police Commissioners of the City of St. Louis.

8.      Plaintiff sues Defendant David R. Heath in his official capacity as Secretary to the Board of the Defendant Board of Police Commissioners of the City of St. Louis.

## JURISDICTION

9.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and § 1341(3). The supplemental jurisdiction of this Court to hear and decide claims arising out of state law is invoked pursuant to 28 U.S.C. § 1367.

10.     The State of Missouri has waived sovereign immunity against the individual police officers and the Board of Police Commissioners of the City of St. Louis by the enactment of §

2

105.711, *et seq*[2].

## VENUE

11.     Venue is proper under 28 U.S.C. § 1391(b).

12.     Defendant Board is a political subdivision of the State of Missouri acting under color of State law, and is a person for purposes of a 42 U.S.C. § 1983 action of damages.

13.     Defendant Feaman, at all times relevant herein, was a St. Louis City police officer working under the direction and control of the Defendant Board.

14.     Defendant Bartlett, at all times relevant herein, was a St. Louis City police officer working under the direction and control of the Defendant Board.

15.     Defendant Board is a creation of Missouri Revised Statutes §§ 84.010-84.340, *et seq*.

16.     Defendants Epsten, Battle-Turner, Hunter, Slay and Heath comprise the entire Board of Police Commissioners of the City of St. Louis and are named in their official capacity solely to maintain this action against Defendant Board for the claims alleged herein[3].

## COLOR OF STATE LAW

17.     At all relevant times, Defendant Feaman acted under color of state law.

18.     Particularly, Defendant Feaman acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri, and its political subdivisions.

19.     At all relevant times, Defendant Bartlett acted under color of state law.

20.     Particularly, Defendant Bartlett acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri, and its political subdivisions.

---

[2] Smith v. State of Missouri, 152 S.W.3d 275 (Mo. 2005). *See also* Thomas v. St. Louis Board of Police Commissioners, 447 F.3d 1082 (8th Cir. 2006).

[3] Best, 652 S.W.2d at 742. At the time of this filing the Treasurer position of the Board of Police Commissioners of the City of St. Louis is vacant with the recent resignation of Vincent J. Bommarito.

## FACTUAL BACKGROUND

21.     On or about November 11, 2009, Plaintiff was driving at or near the intersection of Arlington Avenue and Minerva Avenue.

22.     Defendant Feaman, driving an unmarked vehicle, cut in front of Plaintiff and exited his vehicle.

23.     Defendant Bartlett exited the passenger side of the unmarked vehicle.

24.     Defendant Feaman and Defendant Bartlett drew their weapons and pointed them at Plaintiff.

25.     Plaintiff exited the car and was handcuffed by Defendant Bartlett.

26.     Defendant Bartlett grabbed Plaintiff by the throat, punched him in the stomach and told him to sit on the ground.

27.     Defendant Feaman then kicked Plaintiff in face.

28.     Defendant Feaman and Defendant Bartlett's respective actions caused Plaintiff great pain.

29.     Defendant Feaman and Defendant Bartlett took Plaintiff into custody and then took Plaintiff to St. Alexius Hospital where he received medical treatment for a fractured nose.

### COUNT I
### VIOLATION OF CIVIL RIGHTS – EXCESSIVE FORCE
### 42 U.S.C. § 1983 AND FOURTH AMENDMENT
### AGAINST DEFENDANT FEAMAN AND DEFENDANT BARTLETT
### FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES
### AND ATTORNEY'S FEES

30.     Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

31.     Defendant Feaman used excessive and unreasonable force when he kicked Plaintiff in face.

32.     Defendant Bartlett used excessive and unreasonable force when he grabbed Plaintiff

by the throat and punched him in the stomach.

33.     The right to be free from excessive force is clearly established[4].

34.     At the time of the use of excessive force by Defendant Feaman and Defendant Bartlett, Plaintiff:

        a.      Had not committed a serious crime;

        b.      Presented no threat to the safety of the officers or others;

        c.      Was not actively resisting arrest; and

        d.      Was not attempting to evade arrest by flight[5].

35.     Defendant Feaman and Defendant Bartlett used greater force than was necessary in light of the facts and circumstances confronting them[6].

36.     Defendant Feaman and Defendant Bartlett acted in a manner, which was objectively unreasonable.

37.     A reasonable officer, without the benefit of 20/20 hindsight, would not have used such force under similar circumstances[7].

38.     This case is not in a "hazy border", but is unequivocal[8].

39.     The actions of Defendant Feaman and Defendant Bartlett violated Plaintiff's civil rights under the Fourth Amendment and under 42 U.S.C. § 1983, particularly including, his right to be:

        a.      Safe from the unreasonable use of force; and

        b.      Safe from the use of excessive force[9].

[4] Guite v. Write, 147 F.3d 747, 750 (8th Cir. 1998).
[5] Kukla v. Hulm, 310 F.3d 1046, 1050 (8th Cir. 2002).
[6] Id.
[7] Rahn v. Hawkins, 2006 WL 2707643 (8th Cir. 2006).
[8] Saucier v. Katz, 533 U.S. 194, 206 (2001).
[9] McGruder v. Heagwood, 197 F.3d 918, 919 (8th Cir. 1999).

**Compensatory Damages**

40.     Under 42 U.S.C. § 1983 Plaintiff is entitled to an award of compensatory damages against Defendant Feaman, in his individual capacity, and against Defendant Bartlett, in his individual capacity.

**Punitive Damages**

41.     Defendant Feaman and Defendant Bartlett's respective actions against Plaintiff were:

       a.      Reckless;

       b.      Showed callous indifference toward the rights of Plaintiff; and

       c.      Were taken in the face of a perceived risk that the actions would violate federal law.

42.     Plaintiff is entitled to an award of punitive damages against Defendant Feaman and Defendant Bartlett, in their individual capacity, in order to punish them and to deter others.

**Attorney's Fees**

43.     Under 42 U.S.C. § 1988 if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant Feaman and Defendant Bartlett in their respective individual capacity for compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

**COUNT II**
**VIOLATION OF CIVIL RIGHTS – FALSE ARREST**
**42 U.S.C. § 1983 AND FOURTH AMENDMENT**
**AGAINST DEFENDANT FEAMAN AND DEFENDANT BARTLETT**
**FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES**
**AND ATTORNEY'S FEES**

44.     Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

45.     Defendant Feaman and Defendant Bartlett falsely arrested Plaintiff because Defendant Feaman and Defendant Bartlett lacked probable cause to make the arrest[10].

46.     Defendant Feaman and Defendant Bartlett based their arrest upon seeing Plaintiff speak to someone from his car and the area in which Plaintiff was driving.

47.     As a result of the false arrest, Plaintiff sustained damages as alleged herein.

**Compensatory Damages**

48.     Under 42 U.S.C. § 1983 Plaintiff is entitled to an award of compensatory damages against Defendant Feaman, in his individual capacity, and against Defendant Bartlett, in his individual capacity.

**Punitive Damages**

49.     Defendant Feaman and Defendant Bartlett's respective actions against Plaintiff were:

      a.      Reckless;

      b.      Showed callous indifference toward the rights of Plaintiff; and

      c.      Were taken in the face of a perceived risk that the actions would violate federal law.

50.     Plaintiff is entitled to an award of punitive damages against Defendant Feaman and Defendant Bartlett, in their individual capacity, in order to punish them and to deter others.

---

[10] Kurtz v. City of Shrewsbury, 245 F.3d 753, 758 (8th Cir. 2001).

**Attorney's Fees**

51.     Under 42 U.S.C. § 1988 if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant Feaman and Defendant Bartlett in their respective individual capacity for compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

<u>**COUNT III**</u>
<u>**VIOLATION OF CIVIL RIGHTS**</u>
<u>**42 U.S.C. § 1983 AND FOURTEENTH AMENDMENT AGAINST DEFENDANTS**</u>
<u>**BOARD OF POLICE COMMISSIONERS OF THE CITY OF ST. LOUIS,**</u>
<u>**BY AND THROUGH ITS BOARD MEMBERS,**</u>
<u>**DEFENDANTS EPSTEN, BATTLE-TURNER, HUNTER,  SLAY**</u>
<u>**AND HEATH**</u>
<u>**FOR COMPENSATORY DAMAGES AND ATTORNEY'S FEES**</u>

52.     Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

**Compensatory Damages**

**1st Alternative Basis of Municipal Liability**

**Delegation to Defendant Feaman and Defendant Bartlett**

53.     As the first alternate basis for liability against Defendant Board, the policy maker for Defendant Board is an aldermanic board, the mayor, or someone else, and that person delegated full authority and/or empowered Defendant Feaman and Defendant Bartlett to make policy.

54.     The delegation of authority by the actual policy maker of Defendant Board Defendant Feaman and Defendant Bartlett  in a policy making position, and acts of Defendant Board to liability for the constitutional violations committed by Defendant Feaman and Defendant Bartlett.

**2nd Alternative Basis of Municipal Liability – Failure to Train, Supervise, Control**

55.     As the second alternative basis for liability against Defendant Board, Defendant Board failed to properly hire, train, supervise, control and/or discipline Defendant Feaman and Defendant Bartlett. Defendant Board was thus deliberately indifferent to the rights of others in adopting its hiring and training practices, and in failing to supervise, control and/or discipline Defendant Feaman and Defendant Bartlett, such that those failures reflected a deliberate or conscious choice by Defendant Board[11].

56.     Those deficiencies caused Plaintiff damages[12].

57.     In light of the fact that it was Defendant Feaman and Defendant Bartlett who engaged in the constitutional violations, the need to correct deficiencies is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of Board can reasonably be said to have been deliberately indifferent to the need[13].

58.     If Defendant Board had properly hired, trained, supervised, controlled and/or disciplined Defendant Feaman and Defendant Bartlett, the constitutional violations committed by Defendant Feaman and Defendant Bartlett  would not have occurred.

59.     These failures by Defendant Board to hire, train, supervise, control and/or discipline Defendant Feaman and Defendant Bartlett  subject Defendant Board to liability for the constitutional violations committed by Defendant Feaman and Defendant Bartlett.

**3rd Alternative Basis of Municipal Liability – Pattern of Transgressions**

60.     As the third alternative basis for liability against Defendant Board, the acts of Defendant Feaman and Defendant Bartlett  were part of a pattern of transgressions, of which Defendant Board knew or should have known. The failure of Defendant Board to act proactively to prevent such a pattern of transgressions, and particularly to prevent the constitutional violations

---

[11] City of Canton v. Harris, 489 U.S. 378, 389 (1989).
[12] Larson By Larson v. Miller, 76 F.3d 1446, 1454 (8th Cir. 1996).
[13] Andrews v. Fowler, 98 F.3d 1069, 1076 (8th Cir. 1996).

outlined herein, establishes the policy of Defendant Board to condone or otherwise tolerate such constitutional violations.

61.     Defendant Board thus had a "policy or custom" of failing to act upon prior similar complaints of unconstitutional conduct, of which they knew or should have known, which caused the constitutional injuries at issue. There was a prior pattern of unconstitutional conduct so "persistent and widespread" as to have the effect and force of law[14].

62.     Defendant Board's failure amounted to deliberate indifference to the rights persons with whom Defendant Feaman and Defendant Bartlett came in contact, particularly including Plaintiff.

63.     Those failures by Defendant Board to act proactively to prevent these constitutional violations subject Defendant Board to liability for the constitutional violations committed by Defendant Feaman and Defendant Bartlett.

## Waiver of Sovereign Immunity

64.     Upon information and belief, at the relevant time, Defendant Board had purchased and had in effect a policy of insurance to insure itself against claims or causes of action for damages caused by city employees engaged in government functions, including torts as described herein.

65.     The purchase of that insurance constitutes a waiver of sovereign immunity by Defendant Board[15].

66.     Under 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory damages against Defendant Board.

## Attorney's Fees

67.     Under 42 U.S.C. § 1988 if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

---

[14] Andrews v. Fowler, 98 F.3d 1069, 1074-75 (8th Cir. 1996), *citing* Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978).
[15] RSMo. 71.180 and/or 537.610.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant Board for compensatory damages in a fair and reasonable amount, for reasonable attorney's fees, and non-taxable expenses, for costs and such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

**COUNT IV**
**VIOLATION OF CIVIL RIGHTS**
**42 U.S.C. § 1983, *RESPONDEAT SUPERIOR* AGAINST DEFENDANT**
**BOARD OF POLICE COMMISSIONERS OF THE CITY OF ST. LOUIS**
**BY AND THROUGH ITS BOARD MEMBERS,**
**DEFENDANTS EPSTEN, BATTLE-TURNER, HUNTER,  SLAY**
**AND HEATH**
**FOR COMPENSATORY DAMAGES AND ATTORNEY'S FEES**

68.     Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

69.     At all relevant times Defendant Feaman was:

      a.     Serving as an employee of Defendant Board as a police officer;

      b.     Engaging in a government function; and

      c.     Acting within the course and scope of that employment.

70.     At all relevant times Defendant Bartlett was:

      a.     Serving as an employee of Defendant Board as a detective;

      b.     Engaging in a government function; and

      c.     Acting within the course and scope of that employment.

71.     Defendant Board is liable under a theory of *respondeat superior*[16].

72     The actions of Defendant Feaman and Defendant Bartlett caused Plaintiff to suffer the damages outlined herein.

**Compensatory Damages**

73.     Under 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory damages

---

[16] Plaintiff makes this claim based on the dissent of Justice Breyer in <u>Board of County Com'rs of Bryan County, Okl. v. Brown</u>, 520 U.S. 397, 416 (1997).

against Defendant Board.

**Attorney's Fees**

74.     Under 42 U.S.C. § 1988 if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant Board for compensatory damages in a fair and reasonable amount, for reasonable attorney's fees, and non-taxable expenses, for costs and such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

**SUPPLEMENTAL STATE CLAIMS**

**COUNT V
ASSAULT AND BATTERY
AGAINST DEFENDANT FEAMAN AND DEFENDANT BARTLETT
FOR COMPENSATORY AND PUNITIVE DAMAGES, AND AGAINST DEFENDANT
BOARD OF POLICE COMMISSIONERS OF THE CITY OF ST. LOUIS
BY AND THROUGH ITS BOARD MEMBERS,
DEFENDANTS EPSTEN, BATTLE-TURNER, HUNTER,  SLAY
AND HEATH
FOR COMPENSATORY DAMAGES ONLY**

75.     Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

76.     Defendant Feaman's  kicking Plaintiff in the face and Defendant Bartlett's grabbing Plaintiff by the throat and punching him in the stomach constituted an assault and battery[17].

77.     All actions by Defendant Feaman and Defendant Bartlett were unlawful and unjustified.

78.     Defendant Feaman and Defendant Bartlett had the apparent present ability to injure Plaintiff and to complete the assault.

---

[17] Geiger v. Bowersox, 974 S.W.2d 513, 516 (Mo. App. 1998).

12

79.     Plaintiff sustained damages as a result of the assault and battery[18].

80.     Plaintiff is entitled to compensatory and punitive damages for assault and battery against Defendant Feaman and Defendant Bartlett.

81.     At the time of the assault and battery of Plaintiff, Defendant Feaman and Defendant Bartlett were ostensibly acting (even though improperly) to benefit their employer's policing function.

82.     Defendant Feaman and Defendant Bartlett's respective actions were therefore within the scope of their employment.

83.     Defendant Board is therefore liable under a theory of *respondeat superior*[19].

WHEREFORE, Plaintiff prays for judgment for assault and battery against Defendant Feaman and Defendant Bartlett in their individual capacity for compensatory damages in a fair and reasonable amount, for punitive damages and for costs, and prays for judgment for assault and battery against Defendant Board under a theory of *respondeat superior* for compensatory damages in a fair and reasonable amount and Plaintiff prays for such other relief this Court deems just and proper under the circumstances.

## COUNT VI
## FALSE IMPRISONMENT
## AGAINST DEFENDANT FEAMAN AND DEFENDANT BARTLETT
## FOR COMPENSATORY AND PUNITIVE DAMAGES, AND AGAINST DEFENDANT
## BOARD OF POLICE COMMISSIONERS OF THE CITY OF ST. LOUIS
## BY AND THROUGH ITS BOARD MEMBERS,
## DEFENDANTS EPSTEN, BATTLE-TURNER, HUNTER,  SLAY
## AND HEATH
## FOR COMPENSATORY DAMAGES ONLY

84.     Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

85.     Plaintiff was detained against his will by Defendant Feaman and Defendant Bartlett

---

[18] Hall v. Martindale, 166 S.W.2d 594 (Mo. App. 1942).
[19] Clark v. Skaggs Companies, Inc., 724 S.W.2d 545, 550 (Mo. App. 1986).

and the detention was performed without legal justification[20].

86.     All actions by Defendant Feaman and Defendant Bartlett were unlawful and unjustified.

87.     Plaintiff sustained damages as a result of the false imprisonment.

88.     Plaintiff is entitled to compensatory and punitive damages for false imprisonment against Defendant Feaman and Defendant Bartlett.

89.     At the time of the false imprisonment of Plaintiff, Defendant Feaman and Defendant Bartlett were ostensibly acting (even though improperly) to benefit their employer's policing function.

90.     Defendant Feaman and Defendant Bartlett's respective actions were therefore within the scope of their employment.

91.     Defendant Board is therefore liable under a theory of *respondeat superior*[21].

WHEREFORE, Plaintiff prays for judgment for false imprisonment against Defendant Feaman and Defendant Bartlett in their individual capacity for compensatory damages in a fair and reasonable amount, for punitive damages and for costs, and prays for judgment for assault and battery against Defendant Board under a theory of *respondeat superior* for compensatory damages in a fair and reasonable amount and Plaintiff prays for such other relief this Court deems just and proper under the circumstances.

---

[20] Desai v. SSM Health Care, 865 S.W.2d 833, 836 (Mo. App. E.D. 1993).
[21] Burnett v. Griffith, 739 S.W.2d 712, 715 (Mo. 1987)

Respectfully submitted,

SCHOTTEL & ASSOCIATES, P.C.

BY: s/*James W. Schottel, Jr.*
        James W. Schottel, Jr.    #94480
        906 Olive St., PH
        St. Louis, MO 63101
        (314) 421-0350
        (314) 421-4060 facsimile
        jwsj@schotteljustice.com

        Attorney for Plaintiff
        Kevin Costello

15