# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN COSTELLO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10CV425RWS |
| | ) | |
| ADAM FEAMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

On June 25, 2010, Plaintiff Kevin Costello moved to collect the costs of service of the Complaint against Defendants Adam Feaman and Eric Bartlett. Costello seeks $50.00 for the cost of Bartlett's service of process, $225.00 for the cost of Feaman's service of process, and $500.00 in attorney's fees for the instant motion. Because the Defendants have failed to demonstrate good cause within the meaning of Rule 4(d)(2) for their failure to return the waiver of service forms, I will grant Costello's motion.

*Statement of Facts*

On March 10, 2010, Costello filed a Complaint against Defendants Adam Feaman, Eric Bartlett, and the Board of Police Commissioners of the City of St. Louis through its Board Members Todd H. Epsten, Bettye Battle-Turner, Julius K. Hunter, Francis G. Slay, and David R. Heath. That same day, Costello mailed to

each defendant a "Request for Waiver of Service of Summons" form, and informed them that a lawsuit had been initiated against them and requested that each defendant waive service. The waiver form informed each defendant that they were allowed 30 days from March 11, 2010 to file the executed waiver form and if they failed to do so, Costello would "take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask te court to require you . . . to pay the full costs of such service."

On April 13, 2010, Epsten, Battle-Turner, Hunter, Slay and Heath each returned an executed waiver of service. On April 14, 2010, James Schottel, Jr., counsel for Costello, contacted counsel for the individual Board Members, Assistant Attorney General Dana Ceresia. Mr. Schottel indicated that in the past, the Attorney General's officer had represented the individual police officers in addition to Police Board Members. Ms. Ceresia responded that the Board had not received waivers from the individual officers. Mr. Schottel avers that in a follow-up email Ms. Ceresia suggested Mr. Schottel send the waiver requests again, but the exhibit was not attached to Costello's motion. Schottel states that he again mailed Feaman and Bartlett two copies of the Request for Waiver of Sercice, a copy of the Complaint, and a self-addressed, stamped envelope. In their response

to Costello's motion, both Feaman and Bartlett acknowledge that they failed to return the waivers of service forwarded to them by Costello. Neither have offered any reason for their failure.

Having not received an executed waiver of service from Feaman or Bartlett, on April 17, 2010, Costello requested the issuance of summons. On May 3, 2010, Bartlett was personally served and the cost of service was $50.00.

Service of Feaman was more difficult and costly. Costello hired a process server who first went to the address that, according to St. Louis County property records, is owned by Feaman. At that house, the man who answered the door identified himself as Feaman's brother, but did not provide his name. The processor sever showed his badge to the man claiming to be Feaman's brother and left his business card. The process server then attempted service of process at another location where he thought Feaman might reside. The individual at that address identified himself as Feaman's father and informed the process server that it was his residence and Feaman did not live there. The Attorney General admits that the process server attempted to serve Feaman at his home, but states that for safety reasons, Feaman avoids contact with unknown individuals who appear at his home.

After unsuccessfully attempting to serve Feaman at his residence, the process server tried to serve Feaman's employer, who refused to accept service. The process server then attempted to serve Feaman twice at the Central Patrol Division. Both times, the process server was told that Feaman was not there. Believing that Feaman was avoiding service, the process server referred the matter to a female associate who served Feaman on May 17, 2010 at the Central Patrol Division. The cost of service for Feaman totaled $225.00.

Costello also seeks $500.00 in attorney's fees. Counsel states that he expended 1.5 hours in the preparation and filing of the instant motion and 1.0 hour to prepare and file the reply. Counsel's hourly rate is $200.00/hour.

***Discussion***

Rule 4(d)(2) of the Federal Rules of Civil Procedure provides:

> ***Failure to Waive.*** If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
>
> (A) the expenses later incurred in making service; and
>
> (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed.R. Civ. P. 4(d)(2). Absent "good cause," imposition of costs is mandatory. Id. ("[T]he court must impose . . . .").

Several district courts have addressed whether relief under Rule 4(d)(2) before final judgment is premature. The consensus appears to be that it is not. See Double "S" Truck Line, Inc. v. Frozen Food Express, 171 F.R.D. 251 (D. Minn. 1997); Marcello v. Maine, 238 F.R.D. 113 (D. Me. 2006); Butler v. Crosby, 2005 WL 390740 (M.D. Fla. 2005). These courts note that the Rule "makes abundantly clear that a defendant's duty to avoid unnecessary costs of service is not related to the merits of the underlying case and, therefore, there is no cause to delay an aware of costs even when . . . the Plaintiff's claim [may be] without merit." Double "S", 171 F.R.D. at 253; Marcello, 238 F.R.D. at 116. Accordingly, these courts concluded that the motion was timely. Double "S", 171 F.R.D. at 253; Marcello, 238 F.R.D. at 116.

In this case, Feaman and Bartlett acknowledge that they failed to return the waivers of service forwarded to the by Costello, and they do not assert that they had good cause for their failure. The Rule, therefore, requires that I impose the expenses later incurred in making service and Costello's reasonable attorney's fees associated with his motion.

Defendants dispute the full cost of service for Defendant Feaman and contest the allegation that Feaman avoided service. As noted above, the Attorney General asserts that Feaman avoids contact with unknown individuals. Costello replies that the good cause inquiry requires good cause for failure *to sign and return the waiver*, not good cause for avoiding service, thereby making Feaman's offer of good cause for avoiding service irrelevant.

Rule 4(d)(2) states that if a defendant "fails, without good cause, *to sign and return a waiver* requested by a plaintiff . . . the court *must* impose on the defendant: (A) the expenses later incurred in making service . . . ." In this case, the reasons Feaman avoided the process server who attempted to serve him at his home are irrelevant to Feaman's failure to sign and return the waiver sent him by Costello. Feaman has not offered any reason for his acknowledged failure to return the waiver of service. As a result, I must impose upon him the expenses later incurred in making service, which in this case total $225.00 as evidenced by the process server's itemized bill for attempts.

Counsel submitted an itemized statement of the fees associated with the preparation and presentation of this motion. I have reviewed Costello's documentation and find that the $200.00 hourly fee and the number of hours counsel expended in prosecuting this motion, for a total of $500.00, are

reasonable. Costello is entitled to a total award of $775.00, which includes $50.00 for the expense of serving Bartlett, $225.00 for the expense of serving Feaman, and $500.00 in attorney's fees.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for taxation of costs of service [#23] is **GRANTED**.

**IT IS FURTHER ORDERED** that, within 15 days from the date of this order, Defendants shall remit to the Plaintiff the sum of $775.00. Defendant Bartlett is to pay $300.00, and Defendant Feaman is to pay $475.00.

Dated this 26th Day of July, 2010.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE