UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KEVIN COSTELLO, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | Case No. 4:10 CV 425 RWS |
| ADAM FEAMAN, et al., | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

Plaintiff Kevin Costello has asserted various causes of action against Defendant St. Louis City Board of Police Commissioners and its individual members (collectively "the Board") under 42 U.S.C. § 1983.[1]

Costello's claims arise from his arrest by Defendant Adam Feaman and Defendant Eric Bartlett on or about November 11, 2009. The Board's Motion for Summary Judgment [#57] on Costello's claims is currently before me. Because Costello has abandoned his Section 1983 claims, I will grant summary judgment in favor of the Board for these claims and because I decline to exercise supplemental jurisdiction over Costello's remaining state law claims, they will be dismissed without prejudice.

**Background**

This case arises from Costello's arrest by Defendants Feaman and Bartlett on November 11, 2009. In Counts I and II, Costello alleges Bartlett and Feaman used excessive force when they

---

[1] Defendants Todd Epstein, President of Board of Police Commissioners; Bettye Battle-Turner, Vice-President of Board of Police Commissioners; Julius Hunter, Purchasing Member of Board of Police Commissioners; Mayor Francis Slay, Ex-Officio member of Board of Police Commissioners; and Lt. Col. David Heath, Secretary to the Board of Police Commissioners are each sued in their official capacity.

falsely arrested him. Costello's claims against Feaman and Barlett are not at issue in the current motion. Costello also asserts claims against the Board because Feaman and Bartlett are officers from the St. Louis Metropolitan Police Department. In Count III of his Complaint, Costello alleges three grounds for finding the Board has municipal liability for Feaman and Barlett's alleged conduct. In Count IV of his Complaint, Costello asserts the Board is liable under a theory of respondeat superior. Costello asserts state law claims of assault and battery and false imprisonment in Counts V and VI, respectively.

In its Motion, the Board argues it is entitled to summary judgment on Costello's claim for municipal liability under Section 1983 because Costello has failed to present evidence supporting these claims. The Board also argues it is entitled to summary judgment on Count IV because it cannot be held liable under a theory of respondeat superior solely for having employed a tortfeasor. Finally, the Board argues that, if I dismiss Counts III and IV, I should dismiss Costello's state law claims because Costello will no longer have federal claims pending against the Board.

**Legal Standard**

In considering whether to grant summary judgment, a district court examines the "pleadings, the discovery and disclosure materials on file, and any affidavits." Fed. R. Civ. P. 56(c)(2). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998). When a genuine issue of material fact exists, summary judgment should not be granted.

The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions,

answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. In resisting a properly supported motion for summary judgment, the nonmoving party has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

**Discussion**

    a.    Federal Claims

In his Response, Costello indicates he has abandoned all theories of municipal liability against the Board asserted in Count III. Costello also asserts his intent to preserve for appeal his claim that the Board has respondeat superior liability under 42 U.S.C. § 1983 as alleged in Count IV, while recognizing the majority opinion in Board of County Com'rs of Bryan County, Okl. v. Brown, 520 U.S. 397 (1997) (holding a municipality is not liable for sheriff's isolated hiring decision). As a result, I will grant summary judgment in favor of the Board on Counts III and IV.

    b.    State Claims

The Board argues that if I dismiss all federal claims Costello asserts against it, I should decline to exercise supplemental jurisdiction over the state law claims he asserts against the Board. A district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[I]f federal claims are dismissed before trial...the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). Because I have dismissed all

federal claims Costello has asserted against the Board, I will decline to exercise supplemental jurisdiction over state law claims Costello asserts against the Board and dismiss Counts V and VI without prejudice.

Accordingly,

**IT IS HEREBY ORDERED that** Defendants Board of Police Commissioners of the City of St. Louis, Todd H. Epsten, Bettye Battle-Turner, Julius K. Hunter, Mayor Francis G. Slay, and David Heath's Motion for Summary Judgment [#57] is **GRANTED in part and DENIED in part**. Summary judgment is granted in favor of Defendants on Counts III and IV and Counts V and VI are dismissed without prejudice.

**IT IS FURTHER ORDERED that** a hearing on Plaintiff's Motion to Exclude Defendants' Expert [#51] on **Friday, August 19, 2011 at 1:30 p.m.** in Courtroom 10S.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 12th day of July, 2011.