UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN COSTELLO, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:10 CV 425 RWS |
| ADAM FEAMAN, et al., | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Kevin Costello's Motion for New Trial [#115]. Plaintiff seeks to vacate the jury verdict entered in this case based on alleged misconduct by Defendants' counsel in closing arguments under Rule 60(b)(3). For the reasons stated below, I will deny Plaintiff's Motion.

Costello filed this lawsuit alleging Defendant St. Louis Police Officers Adam Feaman and Eric Bartlett used excessive force when arresting Costello. This matter was tried by a jury on September 21, 2011 and September 22, 2011. The jury returned a verdict in favor of Feaman and Barlett on September 22, 2011 on all claims.

Costello now seeks a new trial under Rule 60(b)(3). Costello alleges Defendants' counsel improperly "injected racial and ethnic bias" into his closing argument. Costello alleges Defendants' counsel stated any potential judgment entered in the case would be entered against "two black men." The eight person jury included four African-American jurors. Costello alleges the statement was intended to influence the jury on the basis of race so that the jury would not rule against the Defendants. Costello did not object to the alleged statement.

Under Rule 60(b)(3), on motion and just terms, the court may

> relieve a party or its legal representative from a final judgment, order, or proceeding for ... misconduct by an opposing party. To prevail on a Rule 60(b)(3) motion, the moving party must establish that the adverse party engaged in fraud or other misconduct and that this conduct prevented the moving party from fully and fairly presenting its case.  The movant's burden of proof is one of clear and convincing evidence.

Cook v. City of Bella Villa, 582 F.3d 840, 855 (8th Cir. 2009) (internal citations and quotations omitted).

> Generally, a new trial should be granted where the improper conduct of counsel in closing argument is plainly unwarranted and clearly injurious.  However, a failure to object to statements made during closing argument waives such an objection.  Only in extraordinary situations, in order to prevent a plain miscarriage of justice, will a reviewing court reverse a judgment based upon errors not objected to at trial.

Id. at 857 (internal citations and quotations omitted).

      Costello's Motion will be denied because he failed to object to the alleged statement made during Defendants' closing argument and he has failed to assert any extraordinary circumstances which would support reversal. Costello did not provide the Court with a transcript of Defendants' closing argument.  However, even if Defendants' counsel made the statement attributed to him, extraordinary circumstances are not present in this case to justify reversal. Defendants' closing argument focused on Plaintiff's lack of credibility because his physical condition after his arrest was not consistent with the attack he testified was inflicted upon him by Defendants.  While Costello did not object to the alleged statement, even if he had, this Motion would still be denied because Costello has failed to establish by clear and convincing evidence that the statement was plainly unwarranted, clearly injurious, and that he was prevented from fully and fairly presenting his case.

Because Costello has failed to assert any extraordinary circumstances and failed to establish a miscarriage of justice, I will deny Plaintiff's Motion.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff's Motion for New Trial [#115] is **DENIED**.

**IT IS FURTHER ORDERED that** Plaintiff shall file a Response to Defendants' Motion for Bill of Costs [#113] by **January 27, 2012**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 18th day of January, 2012.